UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/29/2016

-----------------------------------------X

LOUIS LANDRI,

    Petitioner,

    -against-

JOSEPH SMITH SUPERINTENDENT,
Mid-State Correctional Facility,

    Respondent.

-----------------------------------------X

OPINION AND ORDER
14-cv-9233 (NSR) (JCM)

NELSON S. ROMÁN, United States District Judge:

    Petitioner, Louis Landri ("Landri" or "Petitioner"), a *pro se* inmate convicted of, *inter alia*, assault, filed the instant writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that his state court conviction was unconstitutionally obtained. By letter dated, April 20, 2015, Petitioner sought leave to amend his habeas corpus petition and to stay the proceeding pending administrative exhaustion of his proposed new claims. (Docket No. 24). By Decision and Order, dated June 1, 2015, the Honorable Magistrate Judge Judith C. McCarthy ("MJ McCarthy") issued a report and recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending the motion be denied. Now before the court is Petitioner's timely objection to the R&R. For the following reasons, the Court adopts the R & R in its entirety, and deems the motion DENIED.

## BACKGROUND

    Following a jury trial in New York Supreme Court, Dutchess County, Petitioner was convicted of multiple criminal offenses, including Assault in the First Degree (N.Y. Penal Law § 120.10(1)), and Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law § 265.02(1)). Petitioner was sentenced to a term of twelve years. Petitioner unsuccessfully appealed his conviction to the New York State's intermediate appellate court (*People v. Landri*, 104 A.D.3d 791 (2nd Dep't. 2013)) and and was denied leave to appeal to the New York State Court of Appeals (*People v. Landri*, 21 N.Y.3d 1043(2013)). On or about November 10, 2014, Petitioner filed the instant petition challenging the

constitutionality of his detention.

In his original petition, Petitioner asserts claims sounding in ineffective assistance of counsel and lack of legal sufficiency for the conviction. Petitioner now seeks leave of court to amend his petition to include additional claims of ineffective assistance of counsel and lack of legal sufficiency. Specifically, petitioner seeks to amend his petition to assert that his conviction was not supported by legally sufficient evidence because his assault conviction was premised on the possession and use of a dangerous instrument, a gravity knife. He asserts an assault conviction premised on possession and use of a gravity knife can only be supported on the use of a "deadly weapon." Petitioner opines "[b]ecause the People did not charge, much less prove, that the gravity knife was a deadly weapon but ... [rather] a dangerous instrument," the conviction must be invalid.[1]

## STANDARD OF REVIEW

### A. Habeas Petition Reviewing a State Court Decision

When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). Any state court findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### B. Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); accord 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); accord 28 U.S.C. § 636(b)(1). When a magistrate judge issues

---

[1] Petitioner's additional claim for ineffective assistance of counsel is based on trial counsel's failure to make similar legal sufficiency arguments.

a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); accord Fed. R. Civ. P. 72(b)(2), (3). However, a district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (quoting *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)).

To the extent a petition makes specific objections to an R&R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv- 5066, 2008 U.S. Dist. LEXIS 22981, at * 18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a petitioner's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

Courts "generally accord[] leniency" to objections of *pro se* litigants and construe them "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05 Civ. 6527 (KMW) (DCF), 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotations and citations omitted). However, the *pro se* party's objections "must be specific and clearly aimed at particular findings in the magistrate's

proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quoting *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992)).

### C. Amending Pleadings

Rule 15(a) provides "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleadings only by leave of court or by written consent of the adverse party. Leave to amend a pleading is addressed to the discretion of the court and should be granted freely." *Foman v. Davis*, 371 U.S. 178, 182 (1962). An application to amend should be denied, however, "on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact." *AEP Energy*, 626 F.3d at 725–26 (quoting *Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110–11 (2nd Cir.2001)).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a habeas petition must be filed within one year of a petitioner's conviction becoming final. 28 USC § 2244(d); *Mayle v. Felix*, 545 U.S. 644(2005). Any amendment asserting a new claim to a habeas petition made after the one year statute of limitation is untimely unless it relates back to the original claims. *Mayle v. Felix*, 545 U.S. at 655, 666 (citing FRCP § 15(c)(2)). An amendment does not relate back to the original claims if it asserts new grounds for relief based on conduct, transactions or occurrences that differ in both time and type from those in the original pleadings. *See*, *Pierre v. Ercole*, 607 F. Supp. 2d. 605, 608 (S.D.N.Y. 2009).

### D. Stays

It is well-settled that a district court has the discretion to stay proceedings, as "the power to stay . . . is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y.

2005) ("the decision whether to issue a stay is 'firmly within a district court's discretion.'") (quoting *Am. Shipping Line v. Massan Shipping,* 885 F. Supp. 499, 502 (S.D.N.Y. 1995)). Courts may issue a stay for myriad reasons; "[f]or example, a court might, in the interest of judicial economy, enter a stay pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed." *LaSala,* 399 F. Supp. 2d at 427 (citing *Leyva v. Certified Grocers of Cal.,* 593 F.2d 857, 863-64 (9th Cir. 1979), *cert. denied,* 444 U.S. 827 (1979) (case remanded so district court could determine whether lawsuit should be stayed pending arbitration); *see also Goldstein v. Time Warner N.Y. City Cable Group,* 3 F. Supp. 2d 423, 438 (S.D.N.Y. 1998) (citing *Leyva*)). "Other situations favoring a stay include those where a higher court is close to settling an issue of law bearing on the action." *LaSala,* 399 F. Supp. 2nd at 427 (citing *Marshel v. AFW Fabric Corp.,* 552 F.2d 471, 472 (2d Cir. 1977)).

To determine whether a stay is appropriate, courts within the Second Circuit have applied the *Kappel* factors, a five-factor test that examines:

(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.,* 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (quoting *Finn v. Barney,* No. 08–CV–2975, 2008 WL 5215699, at *2 (S.D.N.Y. Dec. 8, 2008)); *LaSala,* 399 F. Supp. 2d at 427 (noting the origin of the *Kappel* factors from *Kappel v. Comfort*). Ultimately, the basic goal of the test is to avoid prejudice. *LaSala,* 399 F. Supp. 2nd at 427; *Kappel v. Comfort,* 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

## MAGISTRATE'S FINDINGS

By Decision and Order, dated June 1, 2015, MJ McCarthy denied Petitioner's motion in its entirety on the basis, *inter alia,* the proposed amendment(s) would be futile. This court agrees. As noted

by MJ McCarthy, to sustain a conviction for Assault in the First Degree (N.Y. Penal § 120.10(1)), the prosecution was required to proffer evidence that the defendant possessed "either a deadly weapon or a dangerous instrument." *See, People v. Carter*, 53 N.Y.2d 113 (1981); *People v. Gray*, 30 A.D.3d 771, 772 (3rd Dep't. (2006)); *People v. Madera*, 103 A.D.3d 1197 (4th Dep't. 2013). N.Y. Penal Law § 10(12) defines a deadly weapon as "any loaded weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged, or a switchblade knife, gravity knife, pilum ballistic knife, metal knuckle knife, dagger, billy, blackjack, plastic knuckles, or metal knuckles. N.Y. Penal Law §10(13) defines a dangerous instrument as "any instrument, article or substance which, under the circumstances in which it is used is readily capable of causing death or other serious physical injury."

Petitioner does not deny that in addition to his assault conviction, he was similarly convicted of Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law § 265.02(1)), for possession and use of a gravity knife. Nor does petitioner dispute that a gravity knife, by definition, is a deadly weapon. Thus, it would appear that Petitioner's conviction for assault, if premised upon possession and use of a deadly weapon, would be legally sufficient.

Petitioner's proposed amendment suggest that his conviction was legally insufficient because a gravity knife does not fall within with the statutory definition of a dangerous instrument. Petitioner's contention, however, lacks merit. The statutory definition of a dangerous instrument does not limit the scope or provide a comprehensive list of items which fall within the term. *People v. Carter*, at 116. By definition, any "instrument, article or substance," may become a dangerous instrument when used in a manner which renders it readily capable of causing a serious physical injury. *Id.* A knife when used for the purpose of committing an assault has been found to constitute a dangerous instrument. *See, People v. Searcy*, 7 A.D.3d 296 (1st Dep't. 2004). Accordingly, it's of no consequence whether petitioner's conviction for assault was premised on the use and possession of a dangerous instrument or deadly weapon. Petitioner's belated proposed amendment would be futile requiring denial of the motion.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to amend the petition is denied in its entirety. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 24.

Dated: January 29, 2016
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge