UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LOUIS LANDRI,

      Petitioner,

 -against-

JOSEPH T. SMITH, as Superintendent of the
New York State Shawangunk Correctional Facility,

      Respondent.
-----------------------------------------------------------------X

14-cv-9233 (NSR) (JCM)

ORDER ADOPTING REPORT
AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

 Louis Landri ("Petitioner"), proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Following a jury trial, Petitioner was found guilty of one count of assault in the first degree and two counts of criminal possession of a weapon in the third degree. Now pending before the Court is a Report and Recommendation ("R & R") issued by Magistrate Judge Judith C. McCarthy ("MJ McCarthy"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition be denied. For the following reasons, the Court adopts the R & R, and the petition is DENIED.

## BACKGROUND

 The Court presumes familiarity with the factual and procedural background of this case, including the underlying criminal proceedings and Petitioner's appellate challenges to his conviction. Further details can be found in the R & R, which this Court adopts. The Court will nonetheless refer to relevant portion of the procedural background.



Page 1 of 6

Petitioner was convicted following a jury trial in Ulster County (Bellantoni, J.) of assault in the first degree and two counts of criminal possession of a weapon in the third degree. On day of sentencing, Petitioner was found to be a second felony offender under New York State law. Accordingly, Petitioner was sentenced as a second felony offender to a determinate term of imprisonment of twelve imprisonment plus five years of post-release supervision on the assault first degree conviction and concurrent indeterminate periods of imprisonment of two to four years on each of criminal possession of a weapon in the third degree.

Petitioner appealed his conviction to the New York State Supreme Court, Appellate Division, Second Department ("Appellate Court"), raising several challenges, including ineffective assistance of counsel and the prosecution's failure to prove beyond a reasonable doubt that Petitioner's alleged criminal conduct was justified. The prosecution opposed Petitioner's appeal. By Decision and Order dated March 13, 2013, the Appellate Court affirmed Petitioner's conviction and sentence. Petitioner sought leave to appeal the appellate court's decision from the New York State Court of Appeals, the state's highest court. Leave to appeal was denied on August 8, 2013.

Petitioner timely filed the instant Petition for a Writ of Habeas Corpus on or about October 29, 2014. (ECF No. 1.) Petitioner sought habeas relief based on five grounds: 1) the prosecution failed to prove beyond a reasonable doubt that his actions were not justified; 2) Petitioner's motion for a trial order of dismissal preserved appellate review of his justification claim; 3) Petitioner's trial counsel's failure to make a N.Y.S. Crim. Proc. Law § 290.10, lack of sufficient evidence to establish the offense charged, constitutes ineffective assistance of counsel; 4) the trial court committed error in refusing to give a justification charge for defense of premises; and 5) the prosecution's evidence was legally inefficient to establish that Petitioner's

knife was a gravity knife. Lastly, as an alternative, Petitioner asserted his conviction for criminal possession of a weapon in the third degree was against the weight of the evidence.

**STANDARDS OF REVIEW**

### Habeas Petition Reviewing a State Court Decision

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621 (1998). When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

### Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "'[t]o accept the report and recommendation of a magistrate, to which *no timely objection* has been made, a district court need only satisfy itself that there is *no clear error* on the face of the record.'" *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (emphasis added) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan*, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

**DISCUSSION**

Here, the R & R was issued on September 5, 2018, and the deadline for filing objections was September 19, 2018. On November 7, 2018, Petitioner filed his objection to the R & R. Though his objection is untimely, the Court will consider the arguments raised. Based upon a review of the moving papers, the trial court and procedural record, and MJ McCarthy's R & R, the Court adopts the findings and conclusions of the R & R. Accordingly, the petition must be denied.

As MJ McCarthy determined, Petitioner's claim of legal insufficiency regarding his assault conviction was, *inter alia*, meritless and a procedurally barred claim from federal review because it rested on an independent state law basis. The Appellate Court concluded that Petitioner failed to preserve the issue for appellate review. Failure to preserve has been deemed an independent and adequate state grounds that bars a federal court from granting habeas relief. With respect to the gravity knife, as MJ McCarthy noted, there was sufficient evidence to

support the prosecution's contention that Petitioner possessed a gravity knife as defined by New York Penal Law § 265(5).

Similarly, as MJ McCarthy determined, the state court's decisions denying Petitioner's claim of ineffective assistance of counsel was not contrary or an unreasonable application of established federal law. To prove an ineffective assistance of counsel claim, a petitioner must demonstrate that his attorney's performance fell below an objective reasonable standard and that there is a reasonable probability that but for counsel's deficiencies or errors, the result would have been different. *Strickland v. Washington*, 466 U.S, 668 (1984) Petitioner failed to make the requisite showing.

The Court also agrees with MJ McCarthy's determination that the trial court's failure to give a justification jury charge for defense of premises was proper. Based on the facts elicited at trial, such a jury charge was not warranted.[1] Although there was evidence that Petitioner was initially lawfully in the victim's home, prior to injuring the victim Petitioner was asked to leave the premises. New York Penal Law § 35.20(3) provides in relevant part that an individual may use deadly physical force when he or she in possession of a dwelling, reasonably believes that another is committing or attempting to commit a burglary of such dwelling, and the individual reasonably believes that deadly force is necessary to prevent or terminate the commission or attempted commission of such burglary. Since the victim revoked Petitioner's right to remain, he was no longer lawfully on the premises. Thus, the trial court correctly denied Petitioner's request for a justification charge. For all the reasons cited above and in the R & R, the petition is denied in its entirety.

---

[1] In the petition, Petitioner frames his justification claim as a due process Fourteenth Amendment claim.

## CONCLUSION

For these reasons, the Court adopts MJ McCarthy's R & R in its entirety. The petition for a writ of habeas corpus is therefore denied. The Clerk of Court is directed to enter judgment accordingly, close the case, mail a copy of this Order to Petitioner and show proof of service on the docket.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 225, 259-60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: December 14, 2018  
       White Plains, New York

SO ORDERED:

_____  
Nelson S. Román  
United States District Judge